UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHANNON KEENAN GREENE, )<br> Plaintiff, )<br> )<br> v. )<br> )<br> )<br>CITY OF VIRGINIA BEACH, )<br> Defendant. )<br>_____ ) | Civil Action No. 2:19cv150<br>Civil Action No. 2:20cv253<br>Civil Action No. 2:21cv274 |

**MEMORANDUM OPINION**

Plaintiff Shannon Keenan Greene ("Plaintiff"), appearing *pro se*, filed three separate, related lawsuits against her former employer, Defendant City of Virginia Beach ("Defendant"). The lawsuits include: (i) *Greene v. City of Virginia Beach*, No. 2:19cv150 ("*Greene I*"); (ii) *Greene v. City of Virginia Beach*, No. 2:20cv253 ("*Greene II*"); and (iii) *Greene v. City of Virginia Beach*, No. 2:21cv274 ("*Greene III*"). This matter is before the Court to address the confusion and inefficiencies that have resulted from proceeding with Plaintiff's claims against Defendant in three separate, related lawsuits.

For the reasons set forth below, Plaintiff will be ORDERED to proceed with all of her intended claims against Defendant in *Greene III*. Plaintiff will be ORDERED to file one complaint in *Greene III*, pursuant to the instructions set forth herein, that encompasses all of the claims that Plaintiff seeks to assert against Defendant. Because all of Plaintiff's claims against Defendant will be fully addressed in *Greene III*, the Clerk will be DIRECTED to administratively close *Greene I* and *Greene II* and to terminate all of the pending motions filed in *Greene I* and *Greene II*. Additionally, because the complaint to be filed in *Greene III* will become the operative complaint, all of the motions that are currently pending in *Greene III* will be DISMISSED as moot.

## I. RELEVANT BACKGROUND

Plaintiff initiated her first lawsuit against Defendant, *Greene I*, on March 27, 2019. *See* IFP Appl., *Greene I*, No. 2:19cv150 (E.D. Va. Mar. 27, 2019), ECF No. 1. At that time, Plaintiff was a current employee of Defendant and claimed that she had been subjected to various forms of discrimination, harassment, retaliation, violence, and other wrongdoings in the workplace. Second Am. Compl., *Greene I*, No. 2:19cv150 (E.D. Va. June 18, 2019), ECF No. 15. In an Order dated February 13, 2020, the Court granted Plaintiff leave to file a Third Amended Complaint in *Greene I* that "fully set[] forth Plaintiff's intended claims, and fully explain[ed] the legal and factual bases for [Plaintiff's] intended claims." Order at 4, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 13, 2020), ECF No. 54. On February 24, 2020, Plaintiff appealed the February 13, 2020 Order in *Greene I* to the United States Court of Appeals for the Fourth Circuit.[1] Notice Appeal, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 24, 2020), ECF No. 55. Despite the filing of her Notice of Appeal, Plaintiff subsequently filed a Third Amended Complaint in *Greene I* that asserts thirty-one claims against Defendant. Third Am. Compl., *Greene I*, No. 2:19cv150 (E.D. Va. Mar. 9, 2020), ECF No. 58.

While *Greene I* was on appeal, Plaintiff initiated a second, related lawsuit against Defendant, *Greene II*. In *Greene II*, Plaintiff alleges that during her employment with Defendant, Plaintiff was subjected to years of unlawful conduct, which culminated in Plaintiff's termination. *See* Am. Compl., *Greene II*, No. 2:20cv253 (E.D. Va. Aug. 11, 2020), ECF No. 7.[2]

---

[1] The Court issued another Order in *Greene I* on February 12, 2020, that resolved a number of other motions filed by Plaintiff. *See* Order, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 12, 2020), ECF No. 53. Plaintiff's February 24, 2020 Notice of Appeal in *Greene I* also appealed the Court's February 12, 2020 Order. Notice Appeal, *Greene I*, No. 2:19cv150 (E.D. Va. Feb. 24, 2020), ECF No. 55.

[2] The Court notes that Plaintiff filed a Second Amended Complaint in *Greene II* on September 22, 2021; however, the Second Amended Complaint is unsigned, and is therefore not properly before the Court. *See* Second Am. Compl., *Greene II*, No. 2:20cv253 (E.D. Va. Sept. 22, 2021), ECF No. 19.

The Court issued a Memorandum Opinion in *Greene II*, in which it noted that "several of the claims asserted in [*Greene II*] are duplicative of the claims asserted in the Third Amended Complaint in *Greene I*." Mem. Op. at 9, *Greene II*, No. 2:20cv253 (E.D. Va. Sept. 10, 2021), ECF No. 16. The Court explained to Plaintiff that "it is improper for a complaint to duplicate allegations and claims 'of another pending federal lawsuit [filed] by the same plaintiff,'" and warned Plaintiff that she would not be allowed "to proceed with duplicative allegations and claims in multiple pending actions." *Id*. (quoting *Shockley v. Hosterman*, No. 07-497, 2008 U.S. Dist. LEXIS 2349, at *4 (D. Del. Jan. 12, 2008)).

With *Greene II* pending and *Greene I* still on appeal, Plaintiff initiated a third, related lawsuit against Defendant, *Greene III*. In *Greene III*, Plaintiff asserts thirty-one claims against Defendant that arise out of Plaintiff's past employment with Defendant. Am. Compl., *Greene III*, No. 2:21cv274 (E.D. Va. June 22, 2021), ECF No. 7. Defendant filed a Motion to Strike and/or to Dismiss in *Greene III*, and argues therein that the claims asserted by Plaintiff in *Greene III* are "wholly redundant" of the claims filed by Plaintiff in her other cases. Mot. Strike and/or Dismiss at 1, *Greene III*, No. 2:21cv274 (E.D. Va. Aug. 20, 2021), ECF No. 13.[3]

The Court notes that Plaintiff has attempted to limit the duplicative nature of her three pending lawsuits; however, in doing so, the Court finds that Plaintiff has blurred the lines among her various cases and has created further confusion. For example, after the Court warned Plaintiff in *Greene II* that Plaintiff would not be allowed to proceed with duplicative allegations and claims in multiple actions, Plaintiff filed motions in *Greene I*, in which she sought permission to amend the operative complaint in *Greene I* and dismiss several claims asserted therein, in order to comply

---

[3] In an Opinion dated August 31, 2021, the Fourth Circuit resolved the appeal filed by Plaintiff in *Greene I*. *Greene v. City of Va. Beach*, No. 20-1244, 2021 U.S. App. LEXIS 26228, at *1-3 (4th Cir. Aug. 31, 2021) (dismissing Plaintiff's appeal in part and affirming the Court's rulings in part). The Fourth Circuit issued its mandate on September 22, 2021. Mandate, *Greene I*, No. 2:19cv150 (E.D. Va. Sept. 22, 2021), ECF No. 71.

with the Court's directives in *Greene II*. Mot. at 1, *Greene I*, No. 2:19cv150 (E.D. Va. Sept. 20, 2021), ECF No. 68; Mot. at 1, *Greene I*, No. 2:19cv150 (E.D. Va. Sept. 22, 2021), ECF No. 69. Additionally, Plaintiff moved the Court in *Greene I* to provide her with extensions of time to file certain documents in all three of her pending cases. Mot. at 1, *Greene I*, No. 2:19cv150 (E.D. Va. Sept. 22, 2021), ECF No. 69 (asking for (i) a 60-day extension of time to amend her complaints in *Greene I* and *Greene II*; and (ii) a 17-day extension of time to "answer all motions" in *Greene I*, *Greene II*, and *Greene III*). Plaintiff filed similar motions in *Greene II* and *Greene III* that sought relief in all three of her pending cases. Mot. at 1, *Greene II*, No. 2:20cv253 (E.D. Va. Sept. 20, 2021), ECF No. 18 (asking the Court to provide Plaintiff with extensions of time in *Greene I*, *Greene II*, and *Greene III*); Mot. at 1, *Greene III*, No. 2:21cv274 (E.D. Va. Sept. 20, 2021), ECF No. 21 (asking the Court to provide Plaintiff with extensions of time in *Greene I*, *Greene II*, and *Greene III*).

## II. DISCUSSION

It is well-settled that a "district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). As the United States Supreme Court has recognized, a district court's inherent powers include the "authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id*. at 47; *see Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (recognizing a district court's "inherent power to manage its docket"). In exercising its inherent powers, a district court's actions "must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice," and "cannot be contrary to any express grant

of or limitation on the district court's power contained in a rule or statute." *Dietz*, 57 U.S. at 45 (quoting *Degen v. United States*, 517 U.S. 820, 823-824 (1996)).

Upon review of the filings in *Greene I*, *Greene II*, and *Greene III*, the Court finds that confusion and inefficiencies have resulted from proceeding with Plaintiff's claims against Defendant in three separate, related lawsuits. The Court further finds that such confusion and inefficiencies have negatively impacted the Court's ability to "achieve the orderly and expeditious disposition" of Plaintiff's claims. *Dietz*, 57 U.S. at 45. Therefore, pursuant to the Court's inherent power to manage its dockets, Plaintiff will be ORDERED to proceed with all of her intended claims against Defendant in *Greene III*. Plaintiff will be ORDERED to file one complaint in *Greene III*, within forty-five days, that encompasses all of the claims that Plaintiff seeks to assert against Defendant. Plaintiff is ADVISED that the complaint to be filed in *Greene III* must:

(i) be clearly labeled as Plaintiff's "Second Amended Complaint;"

(ii) clearly state, with specificity, each claim that Plaintiff intends to assert against Defendant;

(iii) clearly set forth all factual allegations upon which Plaintiff's claims are based; and

(iv) clearly explain the extent to which Plaintiff exhausted her administrative remedies on any claims that require such exhaustion.

As Plaintiff prepares her filing, Plaintiff is REMINDED that Rule 8 of the Federal Rules of Civil Procedure requires that: (i) a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and (ii) each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1).

Because all of Plaintiff's claims against Defendant will be fully addressed in *Greene III*, the Clerk will be DIRECTED to administratively close *Greene I* and *Greene II* and to terminate

all of the pending motions filed in *Greene I* and *Greene II*. The parties are ADVISED that all future filings must be filed only in *Greene III*. Any further filings in *Greene I* or *Greene II*, other than a notice of appeal, shall be docketed by the Clerk as a submission only, without any further Order of the Court. Additionally, because the complaint to be filed in *Greene III* will become the operative complaint, all of the motions that are currently pending in *Greene III* will be DISMISSED as moot.

### III. CONCLUSION

For the reasons set forth above, Plaintiff will be ORDERED to proceed with all of her intended claims against Defendant in *Greene III*. Plaintiff will be ORDERED to file one complaint in *Greene III*, pursuant to the instructions set forth herein, that encompasses all of the claims that Plaintiff seeks to assert against Defendant. Because all of Plaintiff's claims against Defendant will be fully addressed in *Greene III*, the Clerk will be DIRECTED to administratively close *Greene I* and *Greene II* and to terminate all of the pending motions filed in *Greene I* and *Greene II*. Additionally, because the complaint to be filed in *Greene III* will become the operative complaint, all of the motions that are currently pending in *Greene III* will be DISMISSED as moot.

An appropriate Order shall issue.

/s/ Rey
Roderick C. Young
United States District Judge

Norfolk, Virginia
January 27, 2022